IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

January 12, 1999

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9803-CC-00135 |
| Appellee, | ) |
| | ) Rutherford County |
| V. | ) |
| | ) Honorable James K. Clayton, Jr., Judge |
| | ) |
| **PAMELA JEAN SCUDERI,** | ) (Driving Under the Influence) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Tusca R.S. Alexis
915 Jefferson St.
Nashville, TN 37208

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Daryl J. Brand
Senior Counsel
Erik W. Daab
Legal Assistant
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

William C. Whitesell, Jr.
District Attorney General

John Price
Assistant District Attorney
300 Judicial Bldg.
Murfreesboro, TN 37130

OPINION FILED: _____

**REVERSED AND DISMISSED**

**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

A jury convicted the defendant of driving under the influence of an intoxicant (DUI), first offense. She was sentenced to eleven months, twenty-nine days at seventy-five percent, all suspended except forty-eight hours in jail. She was also fined $350. In this direct appeal, the defendant challenges the sufficiency of the evidence. Upon our review of the record, we vacate the conviction.

**FACTS**

No verbatim transcript of the evidence was filed with this Court; however, a Statement of the Evidence was filed. It was approved by the trial judge, the prosecuting attorney, and defense counsel.

In November 1995, the defendant, her husband, and their nine-year-old daughter accompanied Michael Calloway to dinner. During dinner, the defendant drank three glasses of wine. After dinner, the foursome left the restaurant in Calloway's two-door car. Calloway was driving, the defendant's husband was in the front passenger seat, the defendant was behind her husband, and their child was next to the defendant.

Upon a phoned-in report, Officer Brad Ballard stopped Calloway. Officer Ballard ordered Calloway out of the car and ordered the passengers to remain in the car. Calloway left the car running when he got out. Officer Ballard then administered field sobriety tests to Calloway and eventually arrested him for DUI and child endangerment. Officer Keith Sanders was the back-up officer on the scene.

After about fifteen or twenty minutes of waiting in the car, the defendant told her husband to get out of the car so that she could get out and check on Calloway. Mr. Scuderi refused to do so because of Officer Ballard's orders. The defendant then "started coming toward the front of the vehicle by walking between the front driver seat and the front passenger seat." Upon seeing her movement, Officer Sanders "immediately approached the car." He reached the car "as the defendant scooted into the driver's seat" and told the defendant to step out. He asked her if she had been drinking, and she admitted to drinking three glasses of wine with dinner. Officer Sanders asked her to perform field sobriety tests, but she responded that she could not because of crippling arthritis. Officer Sanders then asked her to recite the alphabet and she complied. Based on the defendant's belligerent attitude, an odor of alcohol, her admission to drinking three glasses of wine, and her further admission of having taken some prescription medication, Officer Sanders arrested the defendant for DUI. At trial Officer Sanders conceded that he had not seen the defendant's hand on the gearshift or her hands on the steering wheel, but testified that he had not known what her intentions were when she climbed into the front seat. He was afraid that, since the car was still running, she could easily have driven away.

The defendant's husband, Carmine Scuderi, testified that his wife "scooted between his seat and the driver's seat and attempted to get out of the car." She had her left foot on the ground and her right foot still in the car when Officer Sanders approached the car.

## ANALYSIS

The defendant contends that the evidence is insufficient to prove that she was in "physical control" of the automobile. A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the

evidence is insufficient to support the verdict returned by the trier of fact in her case. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Upon an appeal challenging the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence. And, we are required to afford the state the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

In Tennessee, "[i]t is unlawful for any person . . . to drive or to be in physical control of any automobile . . . on any of the public roads and highways of the state . . . while under the influence of any intoxicant." T.C.A. § 55-10-401(a)(1993) (emphasis added). In construing this statute, our Supreme Court has concluded that "the Legislature, in making it a crime to be in physical control of an automobile while under the influence of an intoxicant, intended to enable the drunken driver to be apprehended before he strikes.'" State v. Lawrence, 849 S.W.2d 761, 765 (Tenn. 1993) (citation omitted). Accordingly, the Court adopted a broad "totality of the circumstances approach" in assessing whether a defendant had physical control of an automobile for purposes of the DUI statute. See id. This test

> allows the trier of fact to take into account all circumstances, i.e., the location of the defendant in relation to the vehicle, the whereabouts of the ignition key, whether the motor was running, the defendant's ability, but for his intoxication, to direct the use or non-use of the vehicle, or the extent to which the vehicle itself is capable of being operated or moved under its own power or otherwise.

Id. (emphasis in original).

-4-

In this case it was undisputed that the two-door car was owned and operated by Calloway. The defendant was in the back seat with her child. Her husband testified that she climbed to the front seat in order to exit the car via the driver's door. Officer Sanders testified he "immediately" approached the car as the defendant "started coming toward the driver's seat" and told her to exit the car. Officer Sanders conceded she did not have her hand on the steering wheel or gear shift.

Viewing the evidence in a light most favorable to the state, the evidence is insufficient to establish beyond a reaonsable doubt that the defendant was in physicial control of the automobile. At best, the state's proof showed that the defendant came from the back seat, scooted into the driver's seat and immediately exited the car. She never touched the gear shift or steering wheel. Under these facts, the elements of the crime were not established.[1]

The conviction is vacated.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

(NOT PARTICIPATING)_____
**PAUL G. SUMMERS, JUDGE**

_____
**L. T. LAFFERTY, SENIOR JUDGE**

---

[1]This Court is bound by the Statement of the Evidence approved by the trial court and both counsel. If there was other incriminating evidence as to defendant's actions in the automobile, it is not a part of the Statement of the Evidence.